MAY 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50201 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02808-GT-1 |
| v. | |
| JOSE HERNANDEZ-CONTRERAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Argued and Submitted May 6, 2011
Pasadena, California

Before: NOONAN and PAEZ, Circuit Judges, and KORMAN, [**] District Judge. [*]

Jose Hernandez-Contreras, native and citizen of Mexico, appeals his

conviction and sentence after he pled guilty to illegal reentry after removal in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, Brooklyn, sitting by designation.

violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The government cited Ninth Circuit authority establishing that California Penal Code § 459 qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), thus calling for an eight-level increase in Hernandez's base offense level under U.S.S.G. § 2L1.2. Although the government had agreed to recommend a lower four-level increase, the government's legal argument was consistent with the its "duty to ensure that the court has complete and accurate information." *United States v. Maldonado*, 215 F.3d 1046, 1052 (9th Cir. 2000). Because the government consistently recommended the four-level increase agreed to by the parties even though the facts called for a higher base offense level, the government did not breach the plea agreement.

The district court's application of the eight-level enhancement was proper because Hernandez's first degree burglary conviction under California Penal Code § 459 categorically qualifies as an "aggravated felony." *See* 8 U.S.C. § 1101(a)(43)(F) (defining as an aggravated felony a "crime of violence" as defined in 18 U.S.C. § 16 for which the sentence of imprisonment is at least one year); *United States v. Becker*, 919 F.2d 568, 571 (9th Cir. 1990) (holding that first degree burglary under § 459 qualifies as a "crime of violence" under 18 U.S.C. §

2

16(b)). Moreover, it is well established that the district court could impose a sentencing enhancement based on the section 459 conviction even though it was not alleged in the information or admitted by Hernandez. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Corona-Sanchez*, 291 F.3d 1201, 1212 (9th Cir. 2002) (en banc) (holding that a presentence report may establish the fact of a prior conviction where the defendant does not contest that he was not convicted under the relevant statute), *abrogated on other grounds by* U.S.S.G. § 2L1.2 cmt. n.5.

The district court's order overruling Hernandez's objections to the Presentence Report specifically addressed each of Hernandez's arguments, and therefore complied with the district court's obligation to "rule on the dispute." Fed. R. Crim. P. 32(i)(3)(B). Although the order was filed after sentencing, the court informed Hernandez of the order at sentencing, and Hernandez did not request further explanation.

Finally, Hernandez's sentence is procedurally and substantively reasonable because the district court correctly calculated Hernandez's Guidelines range, it discussed Hernandez's personal and criminal history, it considered the 18 U.S.C. § 3553(a) factors, and it concluded that a high-end, 33-month sentence was appropriate given the need for the sentence imposed to provide punishment and

3

adequate deterrence.  *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.

2008) (en banc).

**AFFIRMED**